**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN JOHNSON, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HILL HOLDINGS LIMITED, a Foreign Corporation; CAESARS ENTERTAINMENT, INC., a Foreign Corporation; RAILROAD PASS INVESTMENT GROUP, LLC, a Domestic Limited-Liability Company; AMERICAN WAGERING, INC., a Domestic Corporation; DOES I -X; ROE CORPORATIONS I -X,<br><br>Defendants. | CASE NO.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff KEVIN JOHNSON ("**Mr. Johnson**" or "**Plaintiff**") by and through his attorneys, JENNY L. FOLEY, Ph.D., ESQ. of HKM EMPLOYMENT ATTORNEYS LLP, hereby complains and alleges as follows:

## JURISDICTION

1.      This is an action for damages brought by Plaintiff for unlawful workplace discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; discrimination and retaliation under the Americans with Disabilities Act ("**ADA**"), U.S.C. § 12101, et seq.; discrimination under the Civil Rights Act of 1866, 42 U.S.C.

Page **1** of **11**

§ 1981, as amended by the Civil Rights Act of 1991 ("**Section 1981**"); and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3.      All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4.      On or about July 12, 2022, Plaintiff initiated the process of filing Charges of Discrimination against his employers, the Defendants named in this action with the U.S. Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on race, disability, and retaliation.

5.      On or about July 13, 2022, Plaintiff received his Notices of Right to Sue from the EEOC.

6.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.      Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.      Plaintiff is a United States citizen and is a resident of Clark County, Nevada.

10.      Plaintiff is an African American individual.

11.      Defendant William Hill Holdings Limited ("**William Hill**" or "**Defendant**") is a foreign corporation that conducts business in Clark County, Nevada.

///

12. Defendant Caesars Entertainment, Inc. ("**Caesars**" or "**Defendant**") is a foreign corporation that conducts business in Clark County, Nevada.

13. Defendant Railroad Pass Investment Group, LLC ("**Railroad Pass Investment**" or "**Defendant**") is a domestic limited-liability company that conducts business in Clark County, Nevada.

14. Defendant American Wagering, Inc. ("**American Wagering**" or "**Defendant**") is a domestic corporation that conducts business in Clark County, Nevada.

15. Upon information and belief, William Hill, Caesars, Railroad Pass Investment, and American Wagering (collectively "**Defendants**") employed and/or were responsible for the employment conditions of Plaintiff .

16. Defendants all conduct business in Clark County, Nevada and provides services in Clark County.

17. Plaintiff was hired in October of 2021, as a Ticket/Sports Writer for Defendants.

18. He performed his job at the Railroad Pass Casino.

19. On or about January 17, 2022, Plaintiff fell at work.

20. This fall was captured on video via the Railroad Pass Casino's surveillance cameras.

21. Upon information and belief, Plaintiff immediately informed Vonnie McFarland ("**Ms. McFarland**"), Manager, that he had fallen.

22. As a result of this fall, Plaintiff had numerous medical appointments that he had to attend.

23. Plaintiff asked Defendants how to apply for a Worker's Compensation Claim, which Defendants, upon information and belief, never answered.

24. However, shortly after Plaintiff fell, on or around January 25, 2022, Ms. McFarland, upon information and belief, approached Plaintiff and told him that the Railroad Pass Casino no longer wanted him on property.

25. Then, on or about January 28, 2022, Ms. McFarland, upon information and belief, told Plaintiff that Defendants had terminated his employment.

26.     Ms. McFarland, upon information and belief, told Plaintiff that the reason he was being terminated was because he told a customer to "get the fuck away" from him.

27.     However, Plaintiff never said any such thing.

28.     Further, upon information and belief, the customer who had complained that Plaintiff swore at his was escorted out of the Railroad Pass Casino by security for inappropriate behavior.

29.     Upon information and belief, another non-African American employee of Defendants was removed from the Railroad Pass Casino for allegedly similar behavior.

30.     However, this individual was moved to another location rather than terminated.

31.     Defendants' improper termination of Plaintiff constitutes racial discrimination as a similarly situated, non-African American employee was treated differently under substantially similar circumstances.

32.     Upon information and belief, Defendants acted toward Plaintiff with an intent to discriminate against him based on his race.

33.     Upon information and belief, Defendants acted toward Plaintiff with an intent to discriminate against him based on his disability, as he was injured at work.

34.     Upon information and belief, Defendants acted toward Plaintiff with an intent to discriminate against him based on the fact that he made known that he was looking to file a Worker's Compensation claim.

35.     Further, Defendants' improper termination of Plaintiff constitutes improper retaliation for his seeking to file a Workers' Compensation claim.

**FIRST CAUSE OF ACTION**

**(Discrimination Based on Race in Violation of Title VII, 42 U.S.C. § 2000e *et. seq.* and NRS 613.330 *et. seq.*)**

36.     Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

37.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race.

38. Defendants, as employers, are subject to Nevada and federal statutes prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et. seq.* and NRS 613.330 *et. seq.* and as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

39. Title VII prohibits discrimination based on race.

40. Plaintiff is an African American individual.

41. Defendants and its employees targeted Plaintiff for being black.

42. Defendants non-African American employee was transferred from the Railroad Pass Casino for allegedly similar behavior.

43. Defendants did not terminate this similarly situated individual for these acts like it did Plaintiff.

44. No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct by Defendants.

45. There may be more detrimental acts about which Plaintiff is unaware, and which may constitute unlawful discrimination against Plaintiff in his workplace.

46. Plaintiff was duly embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against him.

47. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendants' malicious, intentional repeated violations of federal and state civil rights laws.

48. Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendants should have not engaged in this blatant discrimination.

49. Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs.

51. Defendants are guilty of oppression, fraud or malice, express or implied as Defendants knowingly and intentionally discriminated against Plaintiff because of his race.

/ / /

52.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Discrimination Based on Disability in violation of NRS 613.330 *et. seq*. and the ADA, 42 U.S.C. 126 § 12101 *et seq*.)**

53.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

54.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

55.    At all relevant times, Plaintiff had a qualifying disability that caused mobility impairments and weight limitations on lifting objects after Plaintiff was injured by a fall at work.

56.    Because Plaintiff's injury limited at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

57.    Plaintiff was fully qualified to continue working for Defendants and could perform the essential functions of the position.

58.    Defendants are covered employers to which the ADA applies.

59.    Defendants, as employers, are subject to Nevada and federal statutes prohibiting discrimination and has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

60.    Defendants refused to take reasonably adequate steps to prevent discrimination against Plaintiff by harassing him for his disability.

61.    No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

62. Plaintiff suffered adverse economic impact due to his discharge.

63. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

64. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

65. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

66. Plaintiff suffered damages in an amount deemed sufficient by the jury.

67. Plaintiff is entitled to an award of reasonable attorney's fees.

68. Defendants are guilty of oppression, fraud or malice, express or implied as Defendants knowingly and intentionally discriminated against Plaintiff because of his disability.

69. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation in Violation of NRS 613.340 and Federal Statutes, 42 U.S.C. § 12203(a) and 42 U.S.C. §2000e-3(a))**

70. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

71. In violation of 42 U.S.C. § 12203(a), 42 U.S.C. §2000e-3(a), Defendants retaliated against Plaintiff after he inquired about filing a Workers Compensation claim.

72. In violation of NRS 613.340, Defendants retaliated against Plaintiff after he inquired about filing a Workers Compensation claim regarding the onsite injury he experienced while working for Defendants.

73. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

74.     The actions and conduct by Defendants constitute illegal retaliation which is prohibited by federal and state statutes.

75.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

76.     Plaintiff is entitled to an award of reasonable attorney's fees.

77.     Defendants are guilty of oppression, fraud, or malice, express or implied, because Defendants knowingly and intentionally retaliated against Plaintiff because he spoke to Defendants about filing a Worker's Compensation claim.

78.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

**THIRD CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy; Retaliatory Discharge for Filing a Workers' Compensation Claim)**

79.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

80.     In Nevada, to establish a prima facie case of wrongful termination in violation of public policy, a plaintiff must demonstrate: (1) that he engaged in "protected activity;" (2) an adverse employment action; and (3) a causal link between the "protected activity" and the adverse employment action. *See Allum v. Valley Bank*, 114 Nev. 1313, 1319-20 (1998).

81.     In Nevada, defendants are liable for retaliatory discharge for filing a workers' compensation claim, wherein plaintiff demonstrates that: (1) he filed a workers' compensation claim, (2) he was terminated from employment, and (3) a causal link existed between the termination and the workers' compensation claim. *See Hansen v. Harrah's*, 100 Nev. 60 (1984).

82.     Defendants retaliated against Plaintiff after he fell at work, reported the injury, and inquired as how to file a Workers Compensation claim regarding the onsite injury he experienced while working for Defendants, which is a protected activity.

83.     After Plaintiff inquired as to how to file his Workers Compensation claim, he was terminated less than two (2) weeks later.

84. The actions and conduct by Defendants constitute illegal retaliation which is prohibited by Nevada common law and against public policy.

85. Plaintiff suffered damages in an amount deemed sufficient by the jury.

86. Plaintiff is entitled to an award of reasonable attorney's fees.

87. Defendants are guilty of oppression, fraud, or malice, express or implied, because Defendants knowingly and intentionally retaliated against Plaintiff when it terminated him.

88. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

### FOURTH CAUSE OF ACTION

**(Discrimination Based on Race in Violation of 42 U.S.C. § 1981)**

89. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

90. This claim is for discrimination on the basis of race under 42 U.S.C. § 1981.

91. Plaintiff is a black individual.

92. Plaintiff satisfactorily performed all of his job duties.

93. Defendants discriminated against Plaintiff by treating him differently than a similarly situated, non-African American employee under substantially similar circumstances when they terminated him.

94. Defendants' termination of Plaintiff's employment was unwarranted and discriminatory.

95. By the conduct described about, Defendants intentionally deprived Plaintiff of the same rights and working conditions as the white employees, in the performance, enjoyment, continuation, and all benefits and privileges of her employment relationship with Defendants in violation of Section 1981.

96. Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

97. Plaintiff is entitled to an award of reasonable attorney's fees and costs.

98.     Defendants are guilty of oppression, fraud or malice, express or implied as Defendants knowingly and intentionally discriminated against Plaintiff because of his race.

99.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendants in an amount deemed sufficient by the jury.

## **FIFTH CAUSE OF ACTION**

### **(Intentional/Negligent Infliction of Emotional Distress)**

100.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

101.     Defendants' conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

102.     Defendants' conduct was extreme, outrageous, and undertaken with either intent or reckless disregard for causing Plaintiff emotional distress.

103.     Defendants had a duty to refrain from engaging in discriminatory, hostile and retaliatory acts as described above.

104.     Defendants breached that duty.

105.     Defendants' intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

106.     Defendants must pay damages in an amount to be determined at trial for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

107.     Because Defendants are guilty of oppression, fraud, or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

108.     Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred as a result of these violations and therefore, he is entitled to recover reasonable attorney's fees against Defendants.

**WHEREFORE,** Plaintiff prays this court for:

    a.  A jury trial on all appropriate claims;

Moreover, to enter judgment in favor of the Plaintiff by:

    b.  Awarding Plaintiff an amount sufficient to fully compensate his (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Title VII, the ADA, and state claims;

    c.  General damages;

    d.  Special damages;

    e.  An award of compensatory and punitive damages to be determined at trial;

    f.  Liquidated damages;

    g.  Pre and post-judgment interest;

    h.  An award of attorney's fees and costs; and

    i.  Any other relief the court deems just and proper.

Dated this 7th Day of October, 2022.

HKM EMPLOYMENT ATTORNEYS, LLP

*/s/ Jenny L. Foley*
JENNY L. FOLEY, Ph.D., Esq.
Nevada Bar No. 9017
101 Convention Center Dr. Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*